IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 4:12-cv-01541-RBH |
| | ) | |
| Sybil Smith Warren, | ) | |
| Chapter 7 – No. 11-06879-DD | ) | |
| | ) | |
|     Debtor, | ) | |
| _____ | ) | |
| | ) | |
| Discover Bank, | ) | **OPINION AND ORDER** |
| | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sybil Smith Warren, | ) | |
| | ) | |
|     Appellee. | ) | |
| _____ | ) | |

This matter comes before the Court on the appeal of Appellant Discover Bank ("Discover") from an order issued by the United States Bankruptcy Court for the District of South Carolina. The parties briefed their arguments pursuant to the schedule issued by this Court. For the reasons set forth below, the Court hereby reverses the bankruptcy court's order dismissing Discover's Amended Complaint and remands this matter for further proceedings.[1]

## I.    **Factual and Procedural History**

Appellee Sybil Smith Warren ("Ms. Warren") filed her bankruptcy case on November 4,

---

[1] Although Federal Rule of Bankruptcy Procedure 8012 typically permits oral argument on appeal, the Rule also makes clear that "[o]ral argument will not be allowed if . . . the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8012. The issues in this case have been briefed by the parties, neither party has specifically requested oral argument in this matter, and this Court is only being called upon to review the bankruptcy court's legal findings. Thus, the Court believes oral argument would not significantly aid its decision.

2011. According to bankruptcy schedules filed by Ms. Warren, she had no disposable income.[2] The schedules filed by Ms. Warren also reflected $188,272.00 of secured debt via two mortgages and $39,689.00 of unsecured debt comprised entirely of amounts owed on credit cards. Included in the credit card debt was a $5,401.00 debt to Discover.

Discover ultimately commenced an adversary proceeding in the bankruptcy court on January 4, 2012, seeking a determination that its debt was nondischargeable pursuant to the Bankruptcy Code. Ms. Warren initially moved to dismiss the adversary proceeding, and while the bankruptcy court granted her motion it allowed Discover to file an amended complaint. On March 15, 2012, Discover filed its Amended Complaint, prompting Ms. Warren to again file a Motion to Dismiss.

Discover's Amended Complaint alleges that Ms. Warren accumulated $4,036.00 in nondischargeable debts – purchases on her Discover credit card within the ninety-day period before Ms. Warren filed her bankruptcy petition. Discover alleged that the debt was obtained by false representation, and that the purchases were for luxury goods.

The bankruptcy court held that Discover's Amended Complaint failed to state a claim for nondischargability. Specifically, the court held that the Amended Complaint did not sufficiently allege justifiable reliance by Discover on Ms. Warren's supposed false representation, and that the Amended Complaint did not sufficiently allege a luxury purchase. This appeal followed.

## II.     Standard of Review

A district court has jurisdiction to hear appeals from final orders issued by a bankruptcy court. 28 U.S.C. § 158(a)(1) (2006). A bankruptcy court's findings of fact shall not be set aside

---

[2] According to Ms. Warren's schedules, her income of $2,776.37 per month is solely from Social Security and retirement, while her expenses are $3,185.16.

2

unless clearly erroneous. Fed. R. Bankr. P. 8013. This Court reviews a bankruptcy court's conclusions of law, including dismissal under Rule 12(b)(6), *de novo*. *See Goldman v. Capital City Mortg. Corp. (In re Nieves)*, 648 F.3d 232, 237 (4th Cir. 2011) (citing *Chmil v. Rulisa Operating Co. (In re Tudor Assocs., Ltd., II*), 20 F.3d 115, 119 (4th Cir. 1994)); *see also Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." *See also* Fed. R. Bankr. P. 7012 (making Federal Rule of Civil Procedure 12 applicable in adversary proceedings before a bankruptcy court). The purpose of such a motion is to test the sufficiency of the facts alleged in a claim set forth in a pleading. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> The United States Supreme Court recently stated that
>
> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

3

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[3]

### III.  Discussion and Analysis

On appeal, Discover challenges the bankruptcy court's findings that the Second Amended Complaint did not sufficiently allege justifiable reliance or a luxury purchase.[4]

Under 11 U.S.C. § 523(a)(2), debt cannot be discharged in a bankruptcy proceeding if it was obtained by "false pretenses, a false representation, or actual fraud . . . ." *See Lind Waldock & Co. v. Morehead*, 1 Fed. App'x 104, 107 (4th Cir. 2001). To establish a *prima facie* case of nondischargability under § 523(a)(2)(A), a creditor must prove the following elements by a

---

[3] Neither the parties nor the bankruptcy court appear to have discussed the pleading requirements for fraud under Federal Rule of Civil Procedure 9(b). *See* Fed. R. Bankr. P. 7009 (making Federal Rule of Civil Procedure 9 applicable in adversary proceedings before a bankruptcy court). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, . . . and to be construed as to do substantial justice." *Schwartz v. Celestial Seasonings, Inc*., 124 F.3d 1246, 1252 (10th Cir. 1997); *see also Anderson v. Sara Lee Corp*., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) requires the identification of the "circumstances constituting fraud"; it does not require "any particularity in connection with an averment of intent, knowledge or condition of mind." *Id*.; *see also* Fed. R. Civ. P. 9(b); *Danbom v. Prewitt (In re Prewitt)*, No. 7–12–12682, 2013 WL 364514, at *3 (Bankr. D.N.M. Jan. 29, 2013) (applying Rule 9(b) to fraud claims under 11 U.S.C. § 523(a)(2)). Out of an abundance of caution, in conducting its *de novo* review the Court has applied the pleading requirements of Rule 9(b). As discussed more fully herein, the Court finds that the two supposedly defective allegations were both stated in the Amended Complaint with the sufficient particularity required under Rule 9(b).

[4] The bankruptcy court's order noted that, to the extent Discover intended to plead a claim for use of a false written statement under 11 U.S.C. § 523(a)(2)(b), it failed to do so. The Amended Complaint makes no claim under this section, and Discover does not raise this issue on appeal.

preponderance of the evidence: "'(1) the debtor made representations; (2) knowing them to be false; (3) with the intent and purpose of deceiving [the creditor]; (4) upon which representations [the creditor] actually and justifiably relied; and (5) which proximately caused the alleged loss or damage sustained by [the creditor].'" *Am. Gen. Fin. Servs., Inc. v. Rowell (In re Rowell)*, 440 B.R. 117, 119 (Bankr. D.S.C. 2010) (quoting *Am. Express Centurion Bank v. Truong (In re Thanh v. Truong)*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002)); *see also Lind Waldock*, 1 Fed. App'x at 107.

A creditor can also create a rebuttable presumption of nondischargability by showing that a debtor purchased luxury goods under certain circumstances. Under § 523(a)(2)(C), debts "aggregating more than $600 for luxury goods or services" are presumed nondischargeable if they are "owed to a single creditor and incurred by an individual debtor on or within 90 days before" filing for bankruptcy. 11 U.S.C. § 523(a)(2)(C)(i)(II); *see also Lind Waldock*, 1 Fed. App'x at 107.

As to a *prima facie* case of fraud under § 523(a)(2)(A), the bankruptcy court held that the Amended Complaint failed to properly allege justifiable reliance – finding that Discover did not properly allege that it relied on Ms. Warren's representations that she intended to pay the incurred charges. This Court reverses the bankruptcy court on this issue, as it finds that the Amended Complaint sufficiently alleges justifiable reliance.

It is true that in one paragraph of the Amended Complaint, Discover alleges simply that it "justifiably relied on [Ms. Warren's] representations." [R., Doc. # 2-5, at ¶ 12.] However, "a court must 'consider the complaint in its entirety' when ruling on a Rule 12(b)(6) motion to dismiss . . . ." *Harman v. Unisys Corp*, 356 Fed. App'x 638, 641 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). As a whole, the Amended Complaint alleges that Ms. Warren represented an intent to repay amounts charged on the card [R., Doc. # 2-5, at ¶ 11]; that

5

Ms. Warren made these representations falsely [*id.* at ¶ 14]; that Ms. Warren had no ability or intent to repay the amounts charged [*id.* at ¶¶ 9.8, 13]; and that Discover extended Ms. Warren credit during this time period [*id.* at ¶¶ 6–11].

Accepting Discover's factual assertions as true, the Amended Complaint alleges that Ms. Warren falsely represented she planned to pay Discover, and that Discover, having no reason to believe Ms. Warren would not pay, extended her credit. The Amended Complaint not only alleges "[f]actual allegations . . . rais[ing] a right to relief above the speculative level", *Twombly*, 550 U.S. at 555, it also states with particularity the circumstances constituting Discover's claim that it "justifiably relied on [Ms. Warren's] representations"[*id.* at ¶ 12]. *See also* Fed. R. Civ. P. 9(b).

In granting the Motion to Dismiss, the bankruptcy court relied on *Field v. Mans*, 516 U.S. 59 (1995), to hold that courts have held that to show reliance, a card issuer must present some evidence to show what information was available to the issuer at the time the charges were accepted. [R., Doc. # 2-8, at 5.] However, as the bankruptcy court itself explained, cases like *Field* also "deal with the evidence presented at *trial*, and the issue here is sufficiency of the pleading." [*Id.* (emphasis added).] *See also FCC Nat'l Bank v. Willis (In re Willis)*, 190 B.R. 866, 870 (Bankr. W.D. Miss. 1996) (explaining that to determine whether a creditor's reliance is justified, the court must examine the facts available to plaintiff).

Moreover, the Fourth Circuit has explained that *Field* emphasizes the "the minimal threshold presented by justifiable reliance . . . ." *Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 135 (4th Cir. 1999) (citing *Field*, 516 U.S. at 70). In *In re Biondo*, the bankruptcy court found the plaintiff had proven justifiable reliance after a hearing on the matter. *Id.* at 134. The Fourth Circuit affirmed, relying on *Field* to hold that the plaintiff "was not required to inspect . . . financial statements and

was instead justified in relying upon the [debtors'] representations . . . ." *Id.* Again, *In re Biondo* dealt with all that was necessary for proving justifiable reliance after review of the evidence. Here, in reviewing what is necessary at the pleading stage, Discover has alleged what was proven in *In re Biondo*. Thus the Amended Complaint adequately and with particularity "pleads factual content that allows the court to draw the reasonable inference" that Discover justifiably relied on Ms. Warren's representation that she would pay the amounts charged to the credit card; this is all Rule 12(b)(6) requires. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In a somewhat similar case, a bankruptcy court in the District of Delaware denied a motion to dismiss under Rule 12(b)(6), finding that the bankruptcy complaint sufficiently alleged justifiable reliance under § 523(a)(2)(C). *Crowe v. Moran (In re Moran)*, 413 B.R. 168, 183 (Bankr. D. Del. 2009). In that case, the complaint did not actually allege reliance. *Id.* However, it did allege that the debtor made representations that he was using money paid to him to purchase materials for a project; that the representations were false; that the debtor knew they were false at the time he made them; and that the plaintiffs continued to make payments to the debtor. *Id.* The court explained, "Since the [plaintiffs] did not know the [d]ebtor was deceiving them and had no reason to think otherwise, the 'facts and circumstances' of this particular case (as alleged in the [b]ankruptcy [c]omplaint) warrant the [plaintiff's] justified reliance on the [d]ebtor's statements." *Id.* The logic of *In re Moran*, a case where the plaintiff made allegations similar to Discover yet failed to actually plead justifiable reliance, further supports a finding that the facts and circumstances alleged by Discover show it justifiably relied on Ms. Warren's representations. The Court therefore reverses the bankruptcy

court's ruling that Discover failed to sufficiently plead justifiable reliance.[5]

The bankruptcy court also held that the Amended Complaint failed to properly plead nondischargability under § 523(a)(2)(C) because Discover did "not include in its [Amended] Complaint any indication that a luxury good was purchased." [R., Doc. # 2-8, at 8.] The Court reverses the bankruptcy court on this finding.[6]

A creditor creates a presumption of nondischargability if it shows that a debtor owes it more than $600 based on certain purchases of "luxury goods or services . . . ." 11 U.S.C. § 523(a)(2)(C)(i)(II). "The term 'luxury goods or services' does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor . . . ." *Id*. at § 523(a)(2)(C)(ii)(II).

The Amended Complaint specifically alleges that "[t]he purchases at issue were for luxury

---

[5] The bankruptcy court noted that some federal cases have held "that in a relationship between a credit card user and issuer, the reliance element is met simply by the fact that the purchases made with the card were accepted by the issuer." [R., Doc. # 2-8, at 5 (citing numerous cases).] The Court notes that under this line of reasoning the Amended Complaint is certainly sufficient, as it specifically alleges that Ms. Warren charged multiple transactions to the card issued by Discover. [*See* R., Doc. # 2-5, at ¶¶ 6–12, 15.]

[6] Ms. Warren's Brief focuses heavily on various factual issues surrounding whether the goods purchased were in fact luxury goods and whether Ms. Warren returned approximately $1,000 worth of the alleged luxury items for a credit. [*See* Appellee Br., Doc. # 6, at 7–10.] However, as the bankruptcy court did in its order, this Court's focus is strictly on the sufficiency of the Amended Complaint. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (holding that for purposes of a motion to dismiss under Rule 12(b)(6), a court should limit its evaluation to the complaint, as well as those documents attached to the complaint). Ms. Warren appears to argue that certain credit card statements, although not part of the Amended Complaint, are necessarily relied on by the Amended Complaint and thus may be considered under Rule 12(b)(6). [*See* Appellee Br., Doc. # 6, at 14–15.] Even if this Court were to accept Ms. Warren's argument and review this information, it does little more than create a factual issue which this Court would be required to resolve in favor of Discover. *See Erickson*, 551 U.S. at 94.

goods." [R., Doc. # 2-5, at ¶ 9.10.] The Amended Complaint then lists five representative purchases, totaling more than $2,800, and specifically offers explanations as to why three of those purchases were for luxury goods. [*Id*. at ¶ 9.10(a)–(f).] In holding that these assertions failed to state a plausible claim that Ms. Warren purchased luxury goods, the bankruptcy court ruled as follows:

> It is certainly possible for some items of clothing to be luxury items, but other items of clothing, perhaps even most items of clothing, are ordinary goods. Where [Discover] fails is in identifying the merchant who sold [Ms. Warren] goods as opposed to the actual merchandise that was sold to [Ms. Warren]. As [Ms. Warren] points out in her Motion, while vendors may hold themselves out and be considered as retailers of luxury goods, that distinction does not mean that all goods sold by such vendors are in fact luxury goods, and here there was no allegation in [Discover's Amended Complaint] concerning the type of goods [Ms. Warren] purchased.

[R., Doc. # 2-8, at 8.]

This Court has been unable to find any support for the bankruptcy court's requirement that a party pleading the luxury goods provision of § 523(a)(2)(C) must specify in its complaint the actual luxury goods purchased. In fact, the authority on point indicates a contrary result. *See, e.g.*, *Discover Bank v. Hankins (In re Hankins)*, No. 12–10884, 2012 WL 5409629, at *5 (Bankr. D. Kan. Nov. 5, 2012) ("At the pleading stage, it was incumbent upon [the credit card company] to allege the credit card charges were for luxury goods, coupled with factual allegations from which the 'luxury' characterization could be inferred."); *GE Money Bank v. McGraw (In re McGraw)*, No. 06–04301, 2007 WL 1076690, at *4 (Bankr. N.D. Ala. 2007) (holding that complaint failed under Rule 12(b)(6) because it did "not allege that any charges were for 'luxury goods and services'") (quoting *FDS Nat'l Bank c. Alam (In re Alam)*, 314 B.R. 834, 842 (Bankr. N.D. Ga. 2004)); *Capital One Bank v. Bungert et al. (In re Bungert)*, 315 B.R. 735, 740 (Bankr. E.D. Wis. 2004) (finding, in case alleging the purchase of luxury goods, that a credit card company had a duty to meet the general requirements of pleading fraud, with the exception of "facts inaccessible to the plaintiff in which

event he had to plead the grounds for his suspicions") (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683–84 (7th Cir. 1992)).

The Amended Complaint, when viewed in light of Rule 12(b)(6), states with particularity the circumstances known to Discover which constitute the purchase of luxury goods within the relevant statutory window. As discussed above, the Amended Complaint specifically alleges the charges were for luxury goods, specifically alleges the amount of five purchases well in excess of the statutory threshold, and with at least three retailers (the purchases from whom total more than $1,700) includes an explanation as to why those retailers sell luxury goods. [R., Doc. # 2-5, at ¶ 9.10(a)–(f).] Discover therefore "allege[s] the credit card charges were for luxury goods, coupled with [the] factual allegations [known to it] from which the 'luxury' characterization could be inferred." *See In re Hankins,* 2012 WL 5409629 at *5; *see also Bankers Trust Co.*, 959 F.2d at 683–84. Thus, the bankruptcy court's ruling that the Amended Complaint failed to properly plead nondischargability under § 523(a)(2)(C) is reversed.[7]

## IV.     Conclusion

For the foregoing reasons, the Court **REVERSES** the bankruptcy court's order dismissing Appellant Discover Bank's Amended Complaint, and **REMANDS** this matter to the United States Bankruptcy Court for the District of South Carolina for further proceedings consistent with this order.

---

[7] Because the Court finds that Discover's Amended Complaint sufficiently states a claim for nondischargability, it need not address the parties' arguments as to whether the bankruptcy court should have afforded Discover leave to amend.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

Florence, South Carolina
February 21, 2013